```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHER DISTRICT OF TEXAS
                        HOUSTON DIVISION

JAMES MASON BIBB,                §
                                 §
              Plaintiff,         §
                                 §
VS.                              §   CIVIL ACTION H-13-3736
                                 §
HARRIS COUNTY SHERIFF and        §
HARRIS COUNTY SHERIFF,           §
                                 §
                                 §
              Defendants.        §
```

## OPINION AND ORDER

Pending before the Court in the above referenced civil rights action is *pro se* indigent Plaintiff James Mason Bibb's motion for appointment of counsel (instrument #4).

"[T]he appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

Under 28 U.S.C. § 1915(e)(1), "The court may request an attorney to represent any person unable to afford counsel." Nevertheless, there is no automatic right to appointment of counsel in a civil case, and the court has considerable discretion in determining whether to do so. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir, 1986); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). An indigent civil litigant does not have an automatic right to appointed counsel absent "exceptional circumstances." *Norton v. E.U. Dimazana*, 122

F.3d 286, 293 (5th Cir. 1997); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir, 1994). A court may appoint counsel in a civil case if doing so would advance the proper administration of justice. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). The court may consider the following factors in deciding whether exceptional circumstances justifying such an appointment are present and whether appointed counsel would facilitate the administration of justice: (1) the complexity of the suit; (2) the ability of the indigent litigant to present the case; (3) the litigant's ability to investigate the case; and (4) the skill required to litigate the case before the court. *Ulmer v. Chancellor*, 691 F.2d at 212-13. Here in his complaint Bibbs has described in detail and at length what happened to him. Defendants' motions have pointed out to him what he needs to plead to support his claims against the two sheriffs, and his supplements to his complaint by "motions for claim" (instruments 7 and 10) are being considered by this Court even though filed without leave.

As the Fifth Circuit recently stated, "[E]very litigant benefits by having an attorney. However the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him." *Margin v. Social Security Administration*, Civ. A. No. 08-4605, 2009 WL 3673025, *2

(5th Cir. Oct. 28, 2009). Plaintiff has made no such showing here. The Court finds no exceptional circumstances in the instant case to warrant appointment of counsel.

Accordingly, the Court

ORDERS that Bibb's motion for appointment of counsel is DENIED.

**SIGNED** at Houston, Texas, this 11th day of ~~June~~ July, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE