IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MASON BIBB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-13-3736 |
| | § | |
| MONTGOMERY COUNTY SHERIFF and | § | |
| HARRIS COUNTY SHERIFF, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced action alleging civil rights violations of the Fourth, Fifth, Sixth, Ninth, Thirteenth, and Fourteenth Amendments of the Bill of Rights, are the following motions:

(1) Defendant Harris County Sheriff's [first] motion to dismiss for failure to state a claim against the Sheriff's Department (#5) and [second] motion to dismiss for failure to state a claim against Harris County(#11);

(2) Defendant Montgomery County Sheriff's motion for more definite statement (#8); and

(3) Montgomery County Sheriff's motion to dismiss for failure to state a claim (#12) and motion to dismiss Plaintiff's second amended complaint for failure to state a claim (#23).

*Pro se* Plaintiff James Mason Bibb, proceeding *in forma*

*pauperis*, has filed a "Motion of Claim" (#7) and "Amended Motion of Claim (#10)," which are not motions, but in essence supplements to his complaint, presumably in response to Defendants' motions, but filed without leave of court.  These supplements identify some of the individuals about whom Bibb complains.  Bibb has otherwise failed to respond to any of the Defendants' motions.

Montgomery County's motion to dismiss Plaintiff's second amended complaint (#23) is MOOT because Magistrate Judge Frances Stacy struck the second amended complain in her order of May 1, 2014 (#25).

### Plaintiff's Claims

As best as this Court can determine from reviewing all of his submissions, Plaintiff, who describes himself as "a disabled Army Veteran who was truly discriminated by malicious intent by the Montgomery Co. Sheriff, Harris Co. Sheriff and Harris Co. Court 179 along with the Federal Bureau of Investigations in Texas [*sic*]," alleges that he was "incarcerated unjustly" from August 27, 2012 to January 9, 2013 in the 1200 Baker Street jail in downtown Houston. He claims that on August 26, 2012 the Montgomery County Sheriff called him and asked him if he would meet the Sheriff at Plaintiff's home so that they could discuss possible charges for harassment and stalking against his ex-girl friend Heather Nicole

Shannon.   Plaintiff agreed.   The next day the Sheriff[1] came to
Bibb's home at 31731 Johlke Lane, Magnolia, Texas 77355, to serve
a search warrant.   Bibb met him, and tried to explain what Shannon
had been doing to him for the past three years, but the Sheriff
paid no attention to Bibb.   The Sheriff then told Plaintiff that
the Sheriff needed to handcuff him but would not explain why.   The
Sheriff falsely told Bibb that he was not under arrest, but the
Sheriff took everything out of Bibb's pocket and placed Bibb in a
patrol car parked in Bibb's driveway.   Bibb identifies the
arresting officer as Deputy B. Crandell, badge number 10415.  As he
was driven off, Bibb looked out of the window and saw the Sheriff
going though Bibb's car without a warrant.

On that same day Bibb states that the Montgomery County
Sheriff and the FBI searched his home under a limited warrant to
search for hard copies and electronic devices only.   He alleges
that the search warrant was dated November 27, 2012, but an officer
with the Montgomery County Sheriff crossed out "November" and wrote
"August" above it so as "to deceive my family so they could gain
access to our home."   They forced their way into his home, shoved
his mother out of the way, and after searching for seven hours,

---

[1] The Second Amended Motion of Claim (#20), which was
stricken by United States Magistrate Judge Frances Stacy, states
that it was Detective Jeff Wells and deputies of the FBI that
came to serve the search warrant.   It is not clear whether the
Sheriff was personally involved.   The Court takes judicial notice
of the fact that Tommy Gage has been the Sheriff of Montgomery
County since January 1, 2005.

they seized ("stole") items not listed on the warrant, such as books, family pictures, hunting knives, aircraft maintenance books, log books, old legal documents that were court certified, and medals he received in the Army.  The only item they took that he ever recovered was a cell phone.  Bibb claims that he has been trying to get his property back, but they will not give him any information and say they do not know where it is.  Bibb further claims that Montgomery County Detective Jeff Wells, along with Special Agent Simmons with the FBI, seized the business records of Bibb's company and crippled his company's ability to conduct business.

On the way to the Magnolia Sheriff's Office, Bibb asked the deputy twice if he was under arrest, but the deputy said no, but that some people wanted to talk to him.  When they arrived, the deputy placed him in the interrogation room, where Bibb spoke to the FBI for four hours.  When Bibb asked for an attorney, he was told he was not entitled to one and they continued to question him. After three hours and fifteen minutes, "Under extreme duress I gave them a statement because I needed to eat something because of my medical Condition. [*sic*]"  After his statement was completed, they took him to the jail in Conroe, Texas, where he waited for two hours because there was no warrant signed for his arrest.  He then claims that he sat there for three days, waiting for the Harris County Sheriff to pick him up.

-4-

In and out of the 179th Judicial District Court of Harris
County Court, Bibb charges his attorney, Mrs. Carpenter, with
incompetence and ineffective assistance.   Bibb claims that she
never spoke to him about his case, never returned his phone calls,
was only in court long enough to reset his court date, told him
that he was not entitled to a bond, and would lie or make excuses
about why she could not effectuate his request to transfer his case
to "the Veterans Court."

On October 18, 2012 Bibb was sent for a competency evaluation,
which was performed by Dr. Jamal Rafique, who determined that Bibb
was competent to stand trial if needed.   On November 12, 2012 they
placed him on a medication of 500 milligrams of Depakote.[2]   He
claims after taking it for the second day, he tried to refuse it,
but nurses forced him to take it.   He maintains that the medication
caused him to suffer internal bruising and bleeding and hair loss
and rendered him incompetent.   He alleges that he was not informed
about the effect of the drugs, but if he had been, he would never
have consented to take them.

On January 9, 2013 Bibb states that he was taken to the
courtroom of the 179th Judicial District Court, where he was
manipulated into taking an involuntary plea.   Because of the
medication he does not remember going there or taking the plea, but

---

[2] Depakote is a drug used to treat bipolar disorder (manic
depression), various types of seizure disorders, and migraines.

he remembers telling his attorney to "take it to trial." He asserts that he was prosecuted for false claims while he was so drugged that he could not defend against the accusations. He states he does not know what rights he gave up or what the court said, nor did he receive a copy of any court records or judgments. Nor does he remember going to TDCJ on January 9, 2013. When he got to TDCJ, he was taken off the medications. Five days later he was called to medical and asked why Harris County placed him on the medication, and he was told by the doctor that he did not need it and that the dosage was excessive.

Bibb contends that he filed an appeal within 30 days of the charge, which he thinks was tampering with a government record, and requested a copy of all his records regarding the case. The country clerk responded that it did not have to send information to any person under federal law who is incarcerated or confined in a jail or detention center, thus preventing Bibb from seeking justice.

Bibb also asserts that a Houston Police Department officer, Chris Galien, took him out several times for drinks to Hooter's Bar at 17599 Tomball Parkway, Houston, Texas 77064 "to get me drunk so it would be easier to get me to incriminate myself. They would buy me 64oz of tap beer to get me drunk so they could get information from me and if I did not talk they would buy me 96oz of beer to further my ability to resist there [*sic*] questions."

Bibb summarizes his charges as follows [*sic*]:

- My home was searched illegally by the FBI and Montgomery County and property was stolen.
- I was force under extreme duress to give a statement with promises of lenience's by the Federal Bureau of Investigations in which I was arrested under false pretenses.  My phone records will show the incoming call from the sheriff of Montgomery Co.
- I was drugged to obtain a conviction by use of (Depakote, 500mg's) a drug I did not need.
- I was denied rights of:  Due Process, proper counsel, Bail, Miranda Rights, Right to Fair Trial and etc.
- The charge was not in the right jurisdiction because no crime took place in the city limits of Houston, Texas.
- My appeals are not on file because someone is not filing them thus blocking them.
- As all three entered my way of life, they destroyed a company I started, Mason Aviation, LLC.  Taking my company's charter's, company business record's and customer's information used to track my customers maintenance schedules.

At the close, Bibb asserts, "They've called me a terrorists [*sic*] because of assumptions and because I looked to be from that region."

It appears from the docket sheet that Defendants Houston Police Department and Houston Federal Bureau of Investigation have never been served and have not appeared in this action.

### Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."   When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts

as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5ᵗʰ Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5ᵗʰ Cir. 2009).  The plaintiff's legal conclusions are not entitled to the same assumption.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5ᵗʰ Cir. Jan. 7, 2012).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a

-8-

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 556 U.S. at 679, the Supreme Court stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not

transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

*Pro se* pleadings are subject to less stringent review than those drafted by attorneys and are entitled to a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, *pro se* litigants must still allege sufficient facts to support their claims; conclusory allegations by themselves are insufficient. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "[E]ven a *pro se* complainant must plead 'factual matter that permits the court to infer 'more than the mere possibility of misconduct.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover *pro se* litigants "must still brief the issues and reasonably comply with the standards" of Federal Rules. Generally the Fifth Circuit allows *pro se* plaintiffs leave to amend their complaints if faced with dismissal, and here Magistrate Judge Frances Stacy has stated that Plaintiff may move for leave to amend after this Court rules on the pending motions to dismiss. *Bruce v. Nationstar Mortgage*, No. 3:13-CV-3019-M-BH, 2014 WL 2587527, at *6 (N.D. Tex. June 10, 2014); #25. A court may properly dismiss an

action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

A court should deny leave to amend if it determines that "the proposed charge clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

Here Plaintiff has supplemented his complaint twice (#7 and 10) without requesting leave, presumably to respond to Defendants' motions to dismiss and motion for more definite statement. Because Defendants have responded to those additional statements, in the interests of justice the Court will allow these submissions to be part of the record and to go forward as part of his original complaint.

### Relevant Law

Title 42 U.S.C. § 1983 provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. Title 42 U.S.C. § 1983 does not grant substantive rights, but provides a vehicle for a plaintiff to vindicate rights protected by the United States Constitution and other federal laws. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Generally municipalities or local government units are not liable for the constitutional torts of their employees unless those employees act pursuant to an official action or with approval. *Monell*, 436 U.S. at 663 n.7.   To state a claim for municipal liability under Section 1983, a plaintiff must identify (a) a policy maker, (b) an official policy [or custom or widespread practice], and (c) a violation of constitutional rights whose "moving force" is the policy or custom.  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001), *citing Monell*, 436 U.S. at 694.   The Fifth Circuit has defined an official policy for purposes of § 1983 as "'[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's law-making officials or by an official to whom the lawmakers have delegated policy-making authority.'" *Okon v. Harris County Hospital District*, 426 App'x 312, 316 (5th Cir. May 23, 2011), *quoting Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)(*en banc*).[3]   "[I]n Texas, '[t]he sheriff is without question the county's final policymaker in the area of law enforcement.'"  *Jackson v. Ford*, 544 Fed. Appx. 268, 272 (5th Cir.

_____

[3] When the person who committed the challenged act is also a final decisionmaker and a  policymaker "unconstrained by policies imposed from a higher authority," that act may establish a policy.  *Okon*, 426 Fed. App'x at 316, *citing Hampton Co. v. Nat'l Sur. LLC v. Tunica County*, 543 F.2d 221, 227 (5th Cir. 2008).   In such a case the court must determine which official or government body has final policymaking authority for the local government unit regarding the action in dispute. *Id.*

-13-

Feb. 27, 2013), *quoting Colle v. Brazos County, Texas*, 981 F.2d
237, 244 (5th Cir. 1993), and *citing* Tex. Local Gov't Code Ann. §
351.041 (West 2011).  Alternatively a policy may be "'a persistent
widespread practice of city officials or employee, which, although
not authorized by officially adopted and promulgated policy, is so
common and well settled as to constitute a custom that fairly
represents municipal policy.'" *Id., citing id.*, and *Zarnow v. City
of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010)("A pattern of
conduct is necessary only when the municipal actors are *not*
policymakers")[, *cert. denied*, 131 S. Ct. 3059 (2011)].
"Allegations of an isolated incident are not sufficient to show the
existence of a custom or policy." *Fraire v. City of Arlington*, 957
F.2d 1268, 1278 (5th Cir. 1992).  "The unconstitutional conduct must
be directly attributable to the municipality through some sort of
official action or imprimatur; isolated unconstitutional actions by
municipal employees will almost never trigger liability."  *Id*.

    "The governing body of the municipality or an official to whom
that body has delegated policy-making authority must have actual or
constructive knowledge of such a custom." *Okon*, 426 Fed. App'x at
316, *citing Bennett*, 735 F.2d at 862.  "'Actual knowledge may be
shown by such means as discussions at council meetings or receipt
of written information,'" while "constructive knowledge 'may be
attributed to the governing body on the ground that it would have
known of the violations if it had properly exercised its

-14-

responsibilities, as, for example, where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity.'" *Id., citing Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 18984)(*en banc*).

A municipality cannot be held liable for constitutional violations of its employees under a theory of *respondeat superior*. *Piotrowski,* 237 F.3d at 578.  Liability attaches "only where the municipality *itself* caused the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  "The fact that a tortfeasor is an employee or an agent of a municipality is therefor not sufficient for city liability to attach; the municipality must cause an constitutional tort, which occurs 'when execution of a government policy or custom whether made by its lawmakers or those whose edicts or acts may be fairly said to represent official policy inflicts the injury." *Boston v. City of Dallas*, 451 F.3d 545, 548 (5th Cir. 2008), *citing Monell*, 436 U.S. at 694.

As a type of suit for local governmental entity liability, a suit against a sheriff in his official capacity is a suit against the governmental entity that employs him, i.e., here the county, and not against the individual sheriff.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Jacobs v. W. Feliciana Sheriff's Dept.*, 228 F.3d 388, 392 (5th Cir. 2000); *Corley v. Prator*, 290 Fed. Appx. 749, 752

(5ᵗʰ Cir. Aug. 25, 2009)(suit against sheriff in his official capacity "must be treated as a suit against the municipality."). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's 'policy or custom' must have played a part in the violation of federal law.'" *Id., quoting Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To hold a county liable on a § 1983 claim with the sheriff as a policymaker for the county, a plaintiff must prove that the county had some inadequate custom or policy that was the moving force behind a constitutional violation. *Forgan v. Howard County, Texas*, 494 F.3d 518, 522 (5ᵗʰ Cir. 2007), *citing Monell*, 436 U.S. at 690-91.

Qualified immunity, an affirmative defense, protects government officials in their personal capacity performing discretionary functions not only from suit, but from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, ___, 129 S. Ct. 808, 815 (2009). Thus the Court examines whether the "officer's conduct violated a constitutional right," as well as "whether the right was clearly established" at the time of the conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Either prong may be addressed first. *Pearson*, 129 S. Ct. at 808. A right is

-16-

clearly established when "the contours of the right [are] sufficiently clear [such] that a reasonable official would understand that what he is doing violated that right." *Wernecke v. Garcia*, 591 F.2d 386, 392 (5th Cir. 2009)(citations omitted). *See also Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)(the court applies an objective standard "based on the viewpoint of a reasonable official in light of the information available to the defendant and the law that was clearly established at the time of defendant's actions."). To be clearly established, "'[t]he contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right.'" *Kinney v. Weaver*, 367 F.3d 337, 349-50 (5th Cir. 2004), *quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "The 'clearly established' standard does not mean that official's conduct is protected by qualified immunity unless 'the very action in question has previously been held unlawful.'" *Id.* at 350, *quoting Anderson*, 483 U.S. at 640. "Where no controlling authority specifically prohibits a defendant's conduct, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established." *Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2740 (2012). Officials who act reasonably but mistakenly are entitled to qualified immunity; the defense protects all government employees but "the plainly incompetent or those who knowingly violate the law." *Anderson*, 483 U.S. at 641;

*Malley v. Briggs*, 475 U.S. 335, 341 (1986).  "[A] defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001). The officer is "entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions," even if the conduct violated the plaintiff's constitutional right. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(*en banc*).

In *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985), the Fifth Circuit held that when defendant-official raises a qualified immunity defense in his individual capacity, a heightened pleading standard must be met by Plaintiff to show with factual detail and particularity why the defendant official cannot maintain the qualified immunity defense.  In *Schultea v. Wood*, 47 F.3d 1427, 1429-34 (5th Cir. 1995)(*en banc*), discussing development of qualified immunity defense and pleading rules, the Fifth Circuit further opined, "When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or its own, require the plaintiff to reply to that defense in detail.  By definition, the reply must be

tailored to the assertion of qualified immunity and fairly engage its allegations.  A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply." *See also Floyd v. City of Kenner, La.*, 351 Fed. App'x 890, 893 & n.2 (5th Cir. 2009).

### Harris County Sheriff's Motion Dismiss (#5)

The Harris County Sheriff moves to dismiss the Harris County Sheriff's Department for failure to state a claim under Fed. R. Civ. P. because the Sheriff's Department is *non sui juris* and because Harris County Texas is the proper party.

The Court agrees as a matter of law that the Harris County Sheriff's Office is "a subdivision of Harris County, and it cannot be sued as an independent entity unless Harris County specifically granted the Sheriff's Office the capacity to sue and be sued," but it has not.  *Aguirre v. Harris County Sheriff's Office*, Civ. A. No. H-11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov, 30, 2012), *citing Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991), and *Potts v. Crosby Ind. Sch. Dist.*, 210 Fed. Appx. 342, 344-45 (5th Cir. 2006).  Therefore the Court grants the motion.

### Montgomery County's Motion for More Definite Statement (#8)

Montgomery County requests a more definite statement under Fed. R. Civ. P. 12(b)(6) and 12(e) because it is unclear in what capacity its Sheriff is being sued (official or individual) and if the Sheriff, himself, actually called Bibb and participated in

executing search warrants.  Rule 12(e) states, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous and the party cannot reasonably prepare a response."

The Court agree that Bibb's pleadings warrant granting the motion.

### Harris County Sheriff's Motion to Dismiss (#11)

The Harris County Sheriff Adrian Garcia moves to dismiss under Rule 12(b)(6) on the grounds that the only allegations against Harris County are very general, conclusory allegations against the 179th District Court, where Bibb was convicted of felony tampering with a government document (Harris County District Court Cause No. 13584101010), against the Harris County Assistant District Attorney who prosecuted the felony case, against Bibb's court-appointed attorney from the Public Defender's Office, and against other unnamed individuals vaguely referred to as "they" or "Harris County."  He alleges no specific facts about the specific actions of anyone.  If anything, Bibb relies on an unstated theory of *respondeat superior*.  Bibb has not pleaded the necessary elements for municipal liability.

Sheriff Garcia further asserts that under the doctrine established in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)(holding that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus."), *citing* 28 U.S.C. § 2254. *See also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000)(*citing Heck* and asserting that *Heck* dictates that when a person . . . brings a section 1983 claim against the arresting officers the district court must first 'consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of outstanding criminal judgments.' If so, the claim is barred unless the conviction has been reversed or declared invalid."). Sheriff Garcia insists that "Bibb's entire complaint stems from his arrest, detention and conviction for Felony Tampering with a Government Document. (State v. Bibb, Cause # 135874101010)." #11 at p. 5.

Sheriff Garcia additionally points out that Bibb has failed to plead the elements of municipal liability, i.e., that a policy of Harris County was the "moving force" behind an alleged violation of a specific constitutional right of Bibb's. The County is only liable if a policy maker has promulgated or adopted such a policy that caused its employee(s) to violate Bibb's Constitutional rights. Bibb has made no such allegations about Sheriff Garcia or any other Harris County official.

The Court agrees that Bibb has failed to state a factual

-21-

basis for his claims against Harris County and its officials with the possible exception of his court-appointed public defender attorney, Mrs. Carpenter.  As a matter of law, however, appointed counsel and public defenders acting as counsel for defendants in state criminal proceedings are not liable because they are not state actors for § 1983 purposes.  *Amir-Sharif v. Dallas County Public Defenders Office*, 233 Fed. Appx. 364, 365 (5th Cir. 2007), *citing Polk County v. Dodson*, 450 U.S. 312, 324-25 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).  Therefore the Court dismisses claims against Mrs. Carpenter with prejudice for failure to state a claim as a matter of law.

This Court also points out that a prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted "maliciously, wantonly, or negligently."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Thus Bibb's claim against the Harris County prosecutor fails as a matter of law.

The Supreme Court has opined, "[T]he hoary principle that civil tort actions are not appropriate for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions

that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement. . . . " *Heck*, 512 U.S. at 486.  In *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), the Supreme Court made clear that a prisoner in state custody cannot use § 1983 to challenge the fact or duration of his confinement, but must file for federal habeas relief or appropriate state relief.  It further held that *Heck* and progeny that "a state prisoner's § 1983 action is barred (absent prior invalidation)--*no matter the relief sought (damages or equitable relief) . . .--if* success in that action would necessarily demonstrate the invalidity of confinement or its duration. [emphasis added by the Court]" *Id.* at 81-82.  This Court agrees with Sheriff Garcia that Bibb's remaining claims for damages against the Harris County Defendants and an injunction dismissing his felony conviction and returning all his seized property are barred by the *Heck* doctrine.  *See, e.g., Daigre v. City of Waveland, Miss.*, 549 Fed. Appx. 283, (5th Cir. 2013), *citing Thomas v. La. Dep't of Soc. Servs.*, 406 Fed. Appx. 890, 898 (5th Cir. 2010)(a false-arrest claim "would necessarily require the district court to re-evaluate the lawfulness of her arrest and criminal conviction because proof of" false arrest would requiring proof that the arrest was unlawful); *Cano v. Bexar County, Texas*, 280 Fed. Appx. 404, 408 (5th Cir. 2008)(*per curiam*)(claim of false arrest barred by *Heck* where conduct that provided probable cause to arrest also formed the basis of the plaintiff's conviction).

-23-

Bibb has not alleged, no less shown, that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by the relevant authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.[4]  Therefore his claims against Harris County are not cognizable under § 1983 and should be dismissed.   Therefore the Court grants Sheriff Garcia's motion *in toto*.

### Montgomery County Sheriff's Motion to Dismiss (#12)

Montgomery Court asserts that Plaintiff's Amended Motion of Claim (#10), which it construes as a response to its Motion for More Definite Statement, reflects that Bibb is not alleging personal participation of the Montgomery County Sheriff and is therefore suing him only in his official capacity, in other words, Bibb is suing Montgomery County, apparently for illegal search of his vehicle and his person, illegal detention or arrest, illegal search of his home, illegal seizure of items from his home, and theft of items from his home.

The Sheriff asks the Court to take judicial notice of facts contained in the Harris County 179th District Court's filed.   On August 24, 2012, the Harris County Grand Jury indicted Bibb for felony tampering with a government record. Ex.1 to #12.  The basis of the indictment was an affidavit made by an FBI agent.  #12, Ex.

---

[4] As discussed *infra*, the documents submitted by Harris County show he was indicted, convicted and sentenced to prison.

2.   On January 9, 2013, Bib was found guilty of the charge, a second degree felony, and sentenced to three years at TDCJ.  *Id.*, Ex. 3.  The Sheriff notes that he does not know if Bibb is still incarcerated, on parole, or has completed his sentence.

The Sheriff asserts that because Bibb is not alleging that the Sheriff had personal participation in the alleged conduct, and the Sheriff cannot be sued for liability based on *respondeat superior*, the court must look to the policies of the County at the time of Plaintiff's arrest on August 27, 2012.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)(without personal participation in the wrongful act, a supervisory officer will only be liable if he implemented a policy which is the moving force of the constitutional violation); *Monell*, 436 U.S. at 690 (holding that "a municipality cannot be held liable *soley* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").  The Sheriff insists that Bibb has failed to state a claim based on a policy or custom.  The Court agrees.

Finally, the Montgomery County Sheriff maintains that the claims against the Sheriff in his official capacity, i.e., Montgomery County, are barred by the *Heck* doctrine, 512 U.S. at 486-87.  Bibb has not alleged, no less shown, that his criminal conviction has been invalidated.

The Court is not sure that Bibb's suit is not also against the

-25-

Sheriff in his individual capacity since it is not apparent that Bibb understands the difference between official and individual capacity suits against an official.  He did allege in his complaint that the Sheriff called him on his cell phone to initiate contact. It is not clear what role the Sheriff played on August 27th, 2012.

Nevertheless, the Court concludes that the *Heck* doctrine does apply here and bars Bibb's suit for the same reasons as it bars his suit against Harris County.

Accordingly, for the reasons provided above, the Court ORDERS the following:

1.   Montgomery County's motion to dismiss Plaintiff's second amended complaint (#23) is MOOT;

2.   Bibb's Motion of Claim (#7) and Amended Motion of Claim (#10) are construed as properly filed supplements to his Original Complaint (#1);

2.  Harris County Sheriff Adrian Garcia's motion to dismiss all claims against the Harris County Sheriff's Department because it is *non sui juris* (#5) is GRANTED;

5.   Montgomery County Sheriff's motion to dismiss this action for failure to state a claim against him (#12) is GRANTED based on *Heck v. Humphrey*, and therefore his motion for a more definite statement (#8) is MOOT.

Because Bibb has failed to serve any other named or unnamed Defendants and because none have appeared, this litigation has

reached its conclusion.

Final judgment will issue by separate instrument.

**SIGNED** at Houston, Texas, this __30th__ day of __July__, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE